IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** § | | |
| Plaintiff, § | | |
| § | | |
| VS. § | | C.A. NO. C-12-154 |
| § | | |
| **BOBBY L. STUBBS II,** § | | |
| Defendant. § | | |

**MEMORANDUM OPINION AND ORDER GRANTING MOTION
FOR SUBSTITUTED SERVICE**

Plaintiff United States of America seeks recovery from defendant for defaulting on a student loan guaranteed by the Department of Education (D.E. 1). Pending is the United States' motion for substituted service (D.E. 3). The United States has shown it is entitled to substituted service, and the motion (D.E. 3) is granted.

**Applicable Law**

The Federal Rules of Civil Procedure provide for service upon individuals within the judicial district by:

> (2)(A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with copies thereof at the individual's dwelling house or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

FED. R. CIV. P. 4(e)(2). According to the affidavit provided by the process server in this case, personal service was attempted but not successful on June 1, 3, 4, 5, 9, 12, 15, 16, and 20, 2012, at various times during the day ranging from 8:00 a.m. to 7:00 p.m. (D.E. 3, Exh. 1). Each time the gate was locked and a delivery notice was left (*Id.*). The process server also tried honking her horn (*Id.*). She did confirm with a male neighbor that the defendant lived at the residence but was very hard to catch because "he is always on the go" (*Id.*).

The Federal Rules of Civil Procedure also permit service of process within the Southern District of Texas in any manner allowed by Texas law. FED. R. CIV. P. 4(e)(1). The Texas rule directs service upon individuals as follows:

> (a) Unless the citation or an order of the court otherwise directs, the citation shall be served by any person authorized by Rule 103 by
>
> (1) delivering to the defendant, in person, a true copy of the citation with the date of delivery endorsed thereon with a copy of the petition attached thereto, or
>
> (2) mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto.

TEX. R. CIV. P. 106(a). Substituted service is allowed only by court order after unsuccessful attempts at service pursuant to the rule:

> (b) Upon motion supported by affidavit stating the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found and stating specifically the facts showing that service has been attempted under either (a)(1) or (a)(2) at the location named in such affidavit but has not been successful, the court may authorize service

>   (1) by leaving a true copy of the citation, with a copy of the petition attached, with anyone over sixteen years of age at the location specified in such affidavit, or
>
>   (2) in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit.

TEX. R. CIV. P. 106(b)(1). In this case, the process server stated in her affidavit that she had confirmed the defendant lived at the address on the summons and she had attempted personal service at the address on the summons on nine occasions (D.E. 3, Exh. 1). Each time she was met with a locked gate (*Id.*). Each time she left notice, but was not called back (*Id.*). Service pursuant to TEX. R. CIV. P. 106(a)(1) was attempted at the address in the affidavit and on the summons, but was not successful.

The United States is requesting that it be allowed, pursuant to TEX. R. CIV. P. 106(b)(2) to mail the summons and complaint via first class mail and to attach the summons and complaint to the front entrance of the home located at the address in the affidavit or to leave the summons with someone 21 years or older who is at the home.[1]

The United States has met its burden of demonstrating that personal service was attempted but failed, and that reasonably effective notice of this suit can be given via substituted service. The United States is granted permission to serve the summons and complaint by (1) mailing a copy of the summons and complaint to the address in the affidavit via first class mail, postage prepaid; *and* (2) either (a) securely posting the summons and

---

[1] A court order is not needed to leave the summons and complaint with someone who resides at the residence and is of suitable age and discretion. Fed. R. Civ. P. 4(e)(2).

complaint to the front entrance /gate of the defendant Stubbs's usual place of abode at 14239 County Road 1334, Sinton, Texas 78387, or (2) by leaving it with someone 21 years of age or older at the residence.

    ORDERED this 29th day of June, 2012.

                                               _____

                                               B. JANICE ELLINGTON
                                               UNITED STATES MAGISTRATE JUDGE