UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:12-CV-154 |
| | § | |
| BOBBY L. STUBBS II | § | |

### MEMORANDUM AND RECOMMENDATION TO DISMISS

Plaintiff United States of America filed this case on May 15, 2012, seeking repayment on a defaulted student loan (D.E. 1). On June 29, 2012, after attempts at conventional service failed, plaintiff was granted leave to complete substituted service via first class mail and by posting a copy of the summons and complaint on plaintiff's entry gate (D.E. 4). More than 120 days have passed since plaintiff was granted leave to accomplish service in this manner. Plaintiff has not filed proof of service, nor has plaintiff sought additional time to do so.

On November 2, 2012, an order to show cause was entered for the United States to show cause, within thirty (30) days, why this complaint should not be dismissed (D.E. 5). Plaintiff was warned that failure to timely comply might result in dismissal of the complaint for failure to timely serve the defendant and for want of prosecution. FED. R. CIV. P. 4(m); 41(b). To date, the United States has not complied with the show cause order, nor has the United States requested additional time to complete service.

Rule 4(m) of the Federal Rules of Civil Procedure states:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against the defendant or order that service be

made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under rule 4(f) or 4(j)(1).

FED. R. CIV. P. 4(m).

Rule 41(b) of the Federal Rules of Civil Procedure, provides as follows:

(b) **Involuntary Dismissal; Effect.** If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except for one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

FED. R. CIV. P. 41(m).

Rule 41 has been interpreted to include the power of the District Court to *sua sponte* dismiss an action for failure to prosecute. *Martinez v. Johnson*, 204 F.3d 769, 772 (5th Cir. 1997) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988)). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *Id.* (citing *Link v. Wabash Railroad*, 370 U.S. 626, 82 S.Ct. 1386, 1388 (1962)). If the dismissal is with prejudice, the district court must first determine that the failure to comply was the result of purposeful delay or contumaciousness, and the record must reflect that the district court employed lesser sanctions before dismissing the action. *Long v. Simmons*, 77 F.3d 878, 879 (5th Cir. 1996).

Here the United States failed to comply with the show cause order or request additional time to serve the plaintiff. Alternatively, if the plaintiff was served, the United

States failed to file proof of service and/or a motion for entry of default. More than ten months have passed without any action or filing from the United States. The United States appears to have abandoned any interest in pursuing this lawsuit.

 Accordingly, it is respectfully recommended that the complaint be dismissed without prejudice for failure to timely serve the defendant and for want of prosecution. FED. R. CIV. P. 4(m); 41(b)

 Respectfully submitted this 9th day of April, 2013.

            _____
            B. JANICE ELLINGTON
            UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).